## Beatty *versus* Lycoming County Insurance Co.

1. An ambiguity on the face of a written document is for the judge to explain; but if it arise from extrinsic evidence it must be solved by the jury.

2. It is for the court to decide what the instrument means, but the application of the meaning is a question of fact, when it is rendered doubtful by parol evidence what was the subject about which the parties contracted.

3. Where there was an application and insurance on goods in a house described, and another application and insurance on a house also described, which was burned; there being some evidence as to the goods being insured in the latter house; *Held*, that it was error not to submit to the jury the question whether the goods were or not covered by the policy in the house in which they were burned.

ERROR to the Court of Common Pleas of *Blair county*.

This was an action of covenant by Daniel Beatty to the use of A. L. Patterson, against the Lycoming County Insurance Company. The plaintiff claimed for loss by fire on two policies of insurance, one on a house and one on goods. The question below was whether the house described in the policy as containing the goods was the one which was burned.

The court below charged: "We are of opinion there can be no recovery on the other policy for the loss of the furniture and groceries, for the reason plainly as we think disclosed, and shown, we think clearly, by a comparison of the applications and the policies, that the furniture and goods were not burned in the building in which they were insured."

The jury found for the plaintiff $660.20, the loss on the building only; and the charge of the court, as above stated, was assigned for error.

The facts of the case are fully set out in the opinion of Justice Strong.

*S. S. Blair*, for plaintiff in error.

*Hall & Neff*, and *S. Calvin*, for defendant in error.

The opinion of the court was delivered, June 20th 1866, by

STRONG, J.—The several assignments of error present but a single question. It is, Whether the Court of Common Pleas was justified in instructing the jury, as a conclusion of law, that the policy No. 37,775 did not cover the plaintiff's goods in the house in which they were burnt? The policy itself contains no description of the furniture or groceries insured, but it refers to the application for a description. That fixes the subject of insurance as "a stock of household and kitchen furniture, owned by Daniel Beatty (the plaintiff), and contained in frame building, owned by said applicant, and occupied as a boarding-house and grocery * * * said buildings, main building 70 × 24 feet, kitchen 15 × 22,

[Beatty *v.* Lycoming County Insurance Co.]

two story high, in good repair. North, 150 to stable; east, shoemaker shop of applicant; south, 60 feet across street to Mountain House; west, street to Emigh's house, 75 feet off; pump at back door." The parol evidence, introduced at the trial, showed that the goods were burned in a building described in another policy as "a frame dwelling-house, owned by Daniel Beatty, situate in Duncansville, Blair county, Pa.; front part, 46 × 24; two story high; back part, used as a wash-house and bake-house, 20 × 20; one story * * * in good repair. North, 100 to frame stable; east, frame house five feet off of C. Kephart; south, turnpike; west, 35 feet to frame house of F. Emigh." There was also evidence tending to show that when the application for the policy on the furniture and groceries was made, the plaintiff owned and occupied two houses, as well the one in which the goods were burned, as the one which he afterwards sold to C. Kephart. The application was made on the 20th of July 1854, and sometime in June or July the goods were removed from the house sold to Kephart, to the one in which they were burned. Whilst it must be admitted that the evidence tends very strongly to show that the goods were insured in the Kephart house, and not in the one in which they were burned, and while a jury ought probably to come to such a conclusion, we think it was still a question of fact, and not one of law. In some particulars the application points to the house retained by the plaintiff—the western house. The call for Emigh's house on the west is the most important of these. If the applicant intended to effect an insurance on goods in the Kephart house, the western call would naturally and properly have been the plaintiff's other house between the Kephart house and Emigh's. In this respect, therefore, the application fits the western house better than it does the eastern. It is true the distance given, 75 feet from Emigh's house, points very distinctly to the Kephart house as the one intended, especially as it would have been a fraud upon the insurers to represent the building as 75 feet removed from another building, when in truth it was only 35 feet removed. The danger of fire would manifestly be greater in the one case than in the other. The dimensions of the building described do not correspond with those of the Kephart house, nor with those of the other. The call for the stable on the north is descriptive of either house; and there is some doubt raised by the evidence in regard to the place where the goods were when the application for insurance was made. There is some ambiguity, therefore, in the policy, arising from extrinsic evidence. The construction of written papers is undoubtedly for the court, and it is a question of law. Even if there be an ambiguity on the face of a written or printed document, it is for the judge to explain it. But if the ambiguity arise from extrinsic evidence, as it does in this case, it

must be solved by the jury: Smith *v.* Thompson, 8 M. Gr. & S. 44. It is for the court to decide what the instrument means; but the application of the meaning must be a question of fact, when it is rendered doubtful by parol evidence what was the identical subject respecting which the parties contracted. For this reason we hold there was error in the charge of the court. It should have been submitted to the jury to find, not the meaning of the written application, but whether the subject of it was goods in the Kephart house or goods in the western house, retained by the plaintiff after his sale of the other to Kephart.

Judgment reversed, and a *venire de novo* awarded.